## IN THE CIRCUIT COURT OF JEFFERSON COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| **ERINN HENDRICKSON,** | |
| Plaintiff, | |
| v. | Cause No. 16JE-CC00728 |
| **KEN WALLER, COUNTY EXECUTIVE, OLIVER GLENN BOYER  SHERIFF OF JEFFERSON COUNTY, JEFFERSON COUNTY JAIL, KEVIN CARLE, RON ARMHART, JOHN DOE 1, CORRECTION OFFICER,** | Division 2 |
| Defendants. | |

## NOTICE TO ADVERSE PARTY
## OF FILING OF REMOVAL TO FEDERAL COURT

To:

Phillip Dennis
Dennis Law Firm
5340 Delmar, Ste. 101
St. Louis, MO 63112
fiatman@earthlink.net
*Co-counsel for Plaintiff*

Steven H. Thai
Law Office of Steven H. Thai, LLC
6042 N. Lindbergh Blvd., Ste. 200
St. Louis, MO 63042
stevethai@hotmail.com
*Co-counsel for Plaintiff*

You are hereby notified that on January 17, 2017, Defendants filed a Notice of Removal Pursuant to 28 U.S.C. § 1441 to federal court of the civil action styled *Erinn Hendrickson v. Ken Waller, County Executive, Sheriff of Jefferson County, Jefferson County Jail, Kevin Carle, Ron Arnhart, John Doe 1, Correctional Officer John Doe 2, Correctional Officer,* Cause No. 16JE-CC00728, which had been pending in the Circuit Court of the 23rd Judicial Court, State of Missouri. Such cause has been removed to the United States District Court for the Eastern District of Missouri, Eastern Division, cause number **4:17-cv-00217.**

Respectfully Submitted,

KING, KREHBIEL & HELLMICH, LLC

By:  */s/  William A. Hellmich*
      William A. Hellmich #31182MO
      2000 South Hanley Road
      St. Louis, MO  63144-1524
      Phone:   314-646-1110
      Fax:     314-646-1122
      E-mail:   bhellmich@kkhhb.com
      *Attorneys for Defendants*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 17th day of January, 2017, a true and accurate copy of the foregoing was mailed via pre-paid, first class mail and/or served via the Court's electronic filing system to the following:

| | |
|---|---|
| Phillip Dennis | Steven H. Thai |
| Dennis Law Firm | Law Office of Steven H. Thai, LLC |
| 5340 Delmar, Ste. 101 | 6042 N. Lindbergh Blvd., Ste. 200 |
| St. Louis, MO 63112 | St. Louis, MO 63042 |
| fiatman@earthlink.net | stevethai@hotmail.com |
| *Co-counsel for Plaintiff* | *Co-counsel for Plaintiff* |

                                      */s/  William A. Hellmich*

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

**ERINN HENDRICKSON,**

     Plaintiff,

v.

**KEN WALLER, COUNTY EXECUTIVE, SHERIFF OF JEFFERSON COUNTY, JEFFERSON COUNTY JAIL, KEVIN CARLE, RON ARNHART, JOHN DOE 1, CORRECTIONAL OFFICER JOHN DOE 2, CORRECTIONAL OFFICER,**

     Defendants.

Cause No.  4:17-CV-00217

*Removed from Circuit Court of the 23rd Judicial Circuit, Cause No. 16JE-CC00728*

## NOTICE OF REMOVAL

COME NOW all named Defendants, by and through undersigned counsel, and pursuant to 28 U.S.C. § 1441 (a) and 1446 (a), (b) and (d), hereby provide notice of removal to the United States District Court for the Eastern District of Missouri, Eastern Division, of this cause of action filed in the Circuit Court of the 23rd Judicial Circuit, styled *Erinn Hendrickson, plaintiff v. Ken Waller, et al., defendants,* Cause No. 16JE-CC00728.  In support of this Notice of Removal, Defendants state as follows:

1. This cause of action is currently pending in the Circuit Court of the 23rd Judicial Circuit, State of Missouri and is styled *Erinn Hendrickson, plaintiff v. Ken Waller, et al., defendants,* Cause No. 16JE-CC00728.

2. Pursuant to Local Rule 2.03, a copy of all process, pleadings, and orders and other documents presently contained in the state court file is affixed hereto as **Exhibit 1**.

3. On October 24, 2016, Plaintiff initiated this action in state court by filing her five (5) count Complaint that incorrectly contained a United States District Court, Eastern Division heading.  This Complaint was not served on the Defendants until December

21, 2016.

4. On December 15, 2016, Plaintiff filed her Amended Complaint in which she corrected the heading to reflect the 23rd Judicial Circuit. This pleading was obtained on CaseNet for purposes of filing this Notice of Removal, but has not been served on Defendants.

5. Both Plaintiff's Complaint and Amended Complaint expressly state that they are brought pursuant to the 42 U.S.C. § 1983, 42 U.S.C. § 1988, and the Eighth and Fourteenth Amendments to the United States Constitution. Counts I and II are expressly brought under 42 U.S.C. § 1983. Accordingly, this federal court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343. This federal Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1387 (a).

6. Defendants filing of this Notice of Removal is timely as they were first served with Plaintiff's Complaint on December 21, 2016.

7. All Defendants join in this Notice of Removal.

WHEREFORE, Defendants respectfully remove this action from the State Court to this United States District Court, Eastern District of Missouri.

Respectfully Submitted,

KING, KREHBIEL & HELLMICH, LLC

By: */s/ William A. Hellmich*_____
      William A. Hellmich #31182MO
      2000 South Hanley Road
      St. Louis, MO 63144-1524
      Phone:   314-646-1110
      Fax:      314-646-1122
      E-mail:   bhellmich@kkhhb.com
      *Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 17th day of January, 2017, a true and accurate copy of the foregoing was mailed via pre-paid, first class mail and/or served via the Court's electronic filing system to the following:

Phillip Dennis                          Steven H. Thai
Dennis Law Firm                     Law Office of Steven H. Thai, LLC
5340 Delmar, Ste. 101           6042 N. Lindbergh Blvd., Ste. 200
St. Louis, MO 63112             St. Louis, MO 63042
fiatman@earthlink.net           stevethai@hotmail.com
*Co-counsel for Plaintiff*        *Co-counsel for Plaintiff*


                                             /s/  William A. Hellmich



EXHIBIT
1
.net


Search for Cases by:  Select Search Method...

Judicial Links  |  eFiling  |  Help  |  Contact Us  |  Print        GrantedPublicAccess **Logoff BHELLMICH58**

## 16JE-CC00728 - ERINN HENDRICKSON V KENNETH B WALLER ET AL (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

Click here to eFile on Case
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending ○ Ascending **Display Options:** All Entries

**12/22/2016**    ☐  Return Service - Other
Document ID - 16-SMCC-1663; Served To - CARLE, KEVIN; Server - SO JEFFERSON COUNTY-HILLSBORO; Served Date - 21-DEC-16; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Other; Service Text - SERVED CORPORAL BRIAN TAYLOR

☐  Return Service - Other
Document ID - 16-SMCC-1662; Served To - BOYER, OLIVER GLENN; Server - SO JEFFERSON COUNTY-HILLSBORO; Served Date - 21-DEC-16; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Other; Service Text - SERVED CORPORAL BRIAN TAYLOR

☐  Return Service - Other
Document ID - 16-SMCC-1661; Served To - WALLER, KENNETH B.; Server - SO JEFFERSON COUNTY-HILLSBORO; Served Date - 21-DEC-16; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Other; Service Text - SERVED CORPORAL BRIAN TAYLOR

☐  Return Service - Other
Document ID - 16-SMCC-1665; Served To - DOE, JOHN; Server - SO JEFFERSON COUNTY-HILLSBORO; Served Date - 21-DEC-16; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Other; Service Text - SERVIED CORPORAL BRIAN TAYLOR

☐  Return Service - Other
Document ID - 16-SMCC-1664; Served To - ARMHART, RON; Server - SO JEFFERSON COUNTY-HILLSBORO; Served Date - 21-DEC-16; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Other; Service Text - SERVED CORPORAL BRIAN TAYLOR

**12/15/2016**    ☐  Amended Motion/Petition Filed

Amended Petition.
    **Filed By:** PHILIP H DENNIS
    **On Behalf Of:** ERINN HENDRICKSON

**11/29/2016**    ☐   <u>Summons Issued-Circuit</u>
    Document ID: 16-SMCC-1665, for DOE, JOHN.

     ☐   **Summons Issued-Circuit**
    Document ID: 16-SMCC-1664, for ARMHART, RON.

     ☐   **Summons Issued-Circuit**
    Document ID: 16-SMCC-1663, for CARLE, KEVIN.

     ☐   **Summons Issued-Circuit**
    Document ID: 16-SMCC-1662, for BOYER, OLIVER GLENN.

     ☐   **Summons Issued-Circuit**
    Document ID: 16-SMCC-1661, for WALLER, KENNETH B..

**11/28/2016**    ☐   <u>Motion Special Process Server</u>
    Request for Summons.
        **Filed By:** PHILIP H DENNIS
        **On Behalf Of:** ERINN HENDRICKSON

**10/25/2016**    ☐   <u>Motion Special Process Server</u>
    CODY TERRY - APPROVED
        **Filed By:** PHILIP H DENNIS
        **On Behalf Of:** ERINN HENDRICKSON

**10/24/2016**    ☐   **Judge/Clerk - Note**
    SERVICE NOT REQUESTED AND SERVICE INFORMATION IS NOT PROVIDED. PLEASE EFILE A REQUEST FOR SERVICE IF SERVICE IS NEEDED.

     ☐   **Filing Info Sheet eFiling**
        **Filed By:** PHILIP H DENNIS

     ☐   <u>Exhibit Filed</u>

Filing Information Sheet.
   **Filed By:** PHILIP H DENNIS
   **On Behalf Of:** ERINN HENDRICKSON

**Pet Filed in Circuit Ct**
Petition for Wrongful Death.

**Judge Assigned**



# IN THE 23RD JUDICIAL CIRCUIT COURT, JEFFERSON COUNTY, MISSOURI

| Judge or Division:<br>GARY P KRAMER | Case Number: 16JE-CC00728 | |
|---|---|---|
| Plaintiff/Petitioner:<br>ERINN HENDRICKSON<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>PHILIP H DENNIS<br>5340 DELMAR SUITE 101<br>ST LOUIS, MO 63112 | DEC 2 2 2016 |
| Defendant/Respondent:<br>KENNETH B. WALLER | Court Address:<br>P O BOX 100<br>300 MAIN ST<br>HILLSBORO, MO 63050 | MICHAEL E. REUTER<br>CIRCUIT CLERK |
| Nature of Suit:<br>CC Wrongful Death | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **KEVIN CARLE**
Alias:

**400 1ST STREET**
**HILLSBORO, MO 63050**

COURT SEAL OF

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

11/29/16          MICHAEL REUTER, CIRCUIT CLERK
                 BY: /s/ B. MOSLEY, DEPUTY CLERK

Further Information:

**JEFFERSON COUNTY**

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☒ other _I Served Corporal Brian Taylor on behalf of Kevin Carle_ .

Served at _400 1st Street Hillsboro, MO 63050_ (address)

in _Jefferson_ (County/City of St. Louis), MO, on _12-21-16_ (date) at _2:30 pm_ (time).

_Cody Terry_
Printed Name of Sheriff or Server       Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

State of Missouri subscribed and sworn to before me on _12/21/2016_ (date).

(Seal) Jefferson County
Commission # N363385A
My Commission Expires January 09, 2017    _1/9/17_ _Joseph Rolla-Reed Mosier_
        Date               Notary Public

JOSEPH ROLLA-REED MOSIER
Notary Public, Notary Seal

| Sheriff's Fees | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $ _____ ( _____ miles @ $. _____ per mile) | |
| Total | $ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-08) SM30 (SMCC) *For Court Use Only:* **Document Id # 16-SMCC-1663**     1 of 1     Civil Procedure Form No. 1, Rules 54.01 – 54.05.



# IN THE 23RD JUDICIAL CIRCUIT COURT, JEFFERSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>GARY P KRAMER | Case Number: 16JE-CC00728 |
| Plaintiff's/Petitioner:<br>ERINN HENDRICKSON<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>PHILIP H DENNIS<br>5340 DELMAR SUITE 101<br>ST LOUIS, MO 63112 |
| Defendant/Respondent:<br>KENNETH B. WALLER | Court Address:<br>P O BOX 100<br>300 MAIN ST<br>HILLSBORO, MO 63050 |
| Nature of Suit:<br>CC Wrongful Death | |

**FILED**
DEC 2 2 2016
MICHAEL E. REUTER
CIRCUIT CLERK
(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: **OLIVER GLENN BOYER**
Alias:

**400 FIRST STREET**
**HILLSBORO, MO 63050**

**COURT SEAL OF**

*JEFFERSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

11/29/16

MICHAEL REUTER, CIRCUIT CLERK
BY: /s/ B. MOSLEY, DEPUTY CLERK

Further Information:

---

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

☒ other Served Corporal Brian Taylor on behalf of Oliver Glenn Boyer

Served at 400 1st Street Hillsboro, MD 63050 (address)

in Jefferson (County/City of St. Louis, MO, on 12-21-16 (date) at 2:30 PM (time).

Cody Terry
Printed Name of Sheriff or Server

Signature of Sheriff or Server

JOSEPH ROLLA-REUTER before a notary public if not served by an authorized officer:

Notary Public, Notary Seal
State of Missouri and sworn to before me on 12/21/2016 (date).
Jefferson County
(Seal) Commission # 13800508 expires: _____
My Commission Expires January 09, 2017

1/9/17
Date

Joseph Rolla-Reuter Moslei
Notary Public

---

### Sheriff's Fees

| | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ ( _____ miles @ $. _____ per mile) |
| Total | $ _____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



| | |
|---|---|
| Judge or Division:<br>GARY P KRAMER | Case Number: 16JE-CC00728 |
| Plaintiff/Petitioner:<br>ERINN HENDRICKSON<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>PHILIP H DENNIS<br>5340 DELMAR SUITE 101<br>ST LOUIS, MO 63112 |
| Defendant/Respondent:<br>KENNETH B. WALLER | Court Address:<br>P O BOX 100<br>300 MAIN ST<br>HILLSBORO, MO 63050 |
| Nature of Suit:<br>CC Wrongful Death | |

FILED
DEC 2 2 2016
MICHAEL E. REUTER
CIRCUIT CLERK
(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: **KENNETH B. WALLER**
               Alias:

**PO BOX 100**
**HILLSBORO, MO 63050**

**COURT SEAL OF**



**JEFFERSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

    11/29/16            MICHAEL REUTER, CIRCUIT CLERK
                        BY: /s/ B. MOSLEY, DEPUTY CLERK

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
               a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☒ other _Served Corporal Brian Taylor on behalf of Kenneth Waller_

Served at _400 1st Street, Hillsboro, MO 63050_ (address)

in _Jefferson_ (County/City of St. Louis), MO, on _12-21-16_ (date) at _2:30 PM_ (time).

_Ody Terry_
Printed Name of Sheriff or Server               Signature of Sheriff or Server

              Notary public if not served by an authorized officer:

(Seal) JOSEPH ROLLA-REED MOSIER
Notary Public-Notary Seal   Sworn to before me on _12/21/2016_ (date).
State of Missouri
Jefferson County      _1/9/17_       _Joseph Rolla-Reed Mosier_
Commission # 13433594      Date          Notary Public
My Commission expires:
My Commission Expires January 09, 2017

| Sheriff Fees | |
|---|---|
| Summons | $ |
| Non Est | $ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ ( _____ miles @ $._____ per mile) |
| Total | $ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

# IN THE 23RD JUDICIAL CIRCUIT COURT, JEFFERSON COUNTY, MISSOURI

| Judge or Division:<br>GARY P KRAMER | Case Number: 16JE-CC00728 | |
|---|---|---|
| Plaintiff/Petitioner:<br>ERINN HENDRICKSON<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>PHILIP H DENNIS<br>5340 DELMAR SUITE 101<br>ST LOUIS, MO 63112 | **FILED**<br>DEC 2 2 2016 |
| Defendant/Respondent:<br>KENNETH B. WALLER | Court Address:<br>P O BOX 100<br>300 MAIN ST<br>HILLSBORO, MO 63050 | MICHAEL E. REUTER<br>CIRCUIT CLERK |
| Nature of Suit:<br>CC Wrongful Death | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: JOHN DOE
                          Alias:

400 1ST STREET
HILLSBORO, MO 63050

**COURT SEAL OF**

*COURT OF MISSOURI*

**JEFFERSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

11/29/16

MICHAEL REUTER, CIRCUIT CLERK
BY: /s/ B. MOSLEY, DEPUTY CLERK

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☒ other _Served Corporal Brian Taylor on behalf of John Doe_.

Served at _400 1st Street  Hillsboro, MD 63050_ (address)

in _Jefferson_ (County/City of St. Louis, MO, on _12-21-16_ (date) at _2:30 pm_ (time).

_Cody Terry_                                           _[signature]_
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

JOSEPH ROLLA-REEDS(?) Subscribed and sworn to before me on _12/21/2016_ (date).

(Seal) Notary Public, Notary Seal
State of Missouri commission expires: _1/9/17_
Jefferson County                              _Joseph Rolla-Reeds(?) Noau_
Commission # 13433594                          Notary Public
My Commission Expires January 09, 2017                    Date

| Summons | | | |
|---|---|---|---|
| Non Est | $ | | |
| Sheriff's Deputy Salary | | | |
| Supplemental Surcharge | $ 10.00 | | |
| Mileage | $ | ( _____ miles @ $._____ per mile) | |
| Total | $ | | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.


| Judge or Division:<br>**GARY P KRAMER** | **Case Number: 16JE-CC00728** | |
|---|---|---|
| Plaintiff/Petitioner:<br>**ERINN HENDRICKSON**<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>PHILIP H DENNIS<br>5340 DELMAR SUITE 101<br>ST LOUIS, MO 63112 | DEC 2 2 2016<br>MICHAEL E. REUTER<br>CIRCUIT CLERK |
| Defendant/Respondent:<br>**KENNETH B. WALLER** | Court Address:<br>P O BOX 100<br>300 MAIN ST<br>HILLSBORO, MO 63050 | |
| Nature of Suit:<br>CC Wrongful Death | | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to: RON ARMHART**
Alias:

**400 1ST STREET**
**HILLSBORO, MO 63050**

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

11/29/16

MICHAEL REUTER, CIRCUIT CLERK
BY: /s/ B. MOSLEY, DEPUTY CLERK

Further Information:

**JEFFERSON COUNTY**

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☒ other Served Corporal Brian Taylor on behalf of Ron Armhart .
Served at 400 1st Street, Hillsboro, MD 63050 (address)
in Jefferson (County/City of St. Louis), MO, on 12-21-16 (date) at 2:30 PM (time).

Ody Terry

_____
Signature of Sheriff or Server

JOSEPH ROLLA-REED MOSIER
Notary Public. Must be my sec... before a notary public if not served by an authorized officer:
State of Missouri and sworn to before me on 12/21/2016 (date).
(Seal) Jefferson County
Commission # 13433594
My Commission Expires January 09, expires: 1 9 17
Date

Joseph Ralto - Reed Mosie
Notary Public

| **Sheriff's Fees** | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $ _____ ( _____ miles @ $. _____ per mile) | |
| Total | $ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-08) SM30 (SMCC) *For Court Use Only: Document Id # 16-SMCC-1664*     1 of 1     Civil Procedure Form No. 1, Rules 54.01 – 54.05.

IN THE 23RD JUDICIAL CIRCUIT COURT
FOR THE STATE OF MISSOURI

ERINN HENDRICKSON,                    )
    Plaintiff,                        )
                                      )
                                      )
    v.                                )
                                      )
KEN WALLER, COUNTY EXECUTIVE,         )
SHERIFF OF JEFFERSON COUNTY,          )       Erinn Hendrickson
JEFFERSON COUNTY JAIL                 )
KEVIN CARLE,                          )
RON ARNHART,                          )
JOHN DOE 1, CORRECTION OFFICER        )
JOHN DOE 2, CORRECTION OFFICER        )

## **PLAINTIFF'S AMENDED COMPLAINT**

COMES NOW Plaintiffs, by their attorneys, Dennis Law Firm and Law Office of Steven
H. Thai, L.L.C., and complaining Defendants, state as follows:

### INTRODUCTION

1. This is a civil action seeking damages for depriving Plaintiff' deceased, while acting
under color of law as Jefferson County Sheriff and Correctional Officers and Jefferson County
Jail health officials, of rights secured by the 8th and the 14th Amendments Constitution and laws
of the United States, including the rights secured and 14th Amendments to the Constitution, and
for related State-law claims, including wrongful death.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. sec. 1983, 42 U.S.C. sec. 1988 and the
Eighth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded
upon 28 U.S.C. Sections 1331 and 1341(3) and (4) and 1343, and the aforementioned
constitutional and statutory provisions. Plaintiff further invokes the supplemental jurisdiction of
this Court pursuant to Section 1367 to hear and decide claims arising out of state law.

### PARTIES

3. Plaintiff is a citizen of the United States, who currently resides in St. Louis County,
Missouri. Plaintiff sues on behalf of his/her father, Terry Edwards, who was a citizen of the
United States and was a pretrial detainee at Jefferson County Jail at the time of his death.

4. Defendant, Sheriff of Jefferson County runs the Jefferson County Jail and the

Jefferson County Department of Corrections and is the employer of the correctional offers sued herein, Jefferson County is a duly incorporated governmental entity in Missouri, and runs the health service for detainees at Jefferson County Jail

5. Ken Waller is the Jefferson County Executive. Oliver "Glenn" Boyer is the Jefferson County, Capt. Ron Arnhart is a supervising officer with the Jefferson County Sheriff's Office, and Kevin Carle
lieutenant at Jefferson County Sheriff's Office, Missouri. The above defendants, who may be collectively referred to as the "official defendants," are sued in their official capacities.

6. At all times relevant hereto, the individual and official defendants were acting under color of the statutes, ordinances, regulations, customs and usages of the State of Missouri, Jefferson County, and the Jefferson County Sheriff's Department, and within the scope of their employment with defendant institutions.

## FACTS COMMON TO ALL COUNTS

7. Terry Edwards, 38 and with four children, was arrested by St. Louis County officers on Nov. 24, 2013 on suspicion of possessing drug paraphernalia and resisting arrest by flight. Two St. Louis County Police officers approached him, searched him, found no contraband, and then arrested him.

8. Terry, who enjoyed good health for most of his life, had been suffering from what seemed like acid reflux symptoms at the time of his arrest. The arresting officers transported Terry to the St. Louis County Jail, where he was screened by County Health Services. Terry complained to the corrections personnel about his physical condition after being transported to Jefferson County, but he was not medically re-evaluated for general prison population.

9. Dan Cox of House Springs, a prisoner who said he was taken into custody because of back child support, said he joined Edwards in his cell about 7:30 p.m. on November 28, 2013, Thanksgiving Day. Edwards said he was not feeling well, and he called on the intercom at about 1 a.m. or 2 a.m. and told jail officials he was sick, and that he felt like he was going to faint, Cox said. "They asked if he wanted an Ibuprofen and told him to talk to the nurse in the morning." Cox, who had been released from custody by Tuesday, said he discovered Edwards dead in his cell at about 4 a.m. November 29, 2013 and that he notified jail officials. These deputies refused Terry's repeated requests for medical attention, stating that Terry, who had not been using drugs, was only "dopesick."

10. James Evans, a cellmate of Edwards, observed Edwards complaining about excruciating stomach pain and the cellmates called out to the Jail personnel for medical aide. The Jail personnel ignored Edwards' pleas for help and shortly thereafter Edwards was vomiting blood continuously throughout the cell. With alarm, Evans and other cellmates continued to call out to the Jail personnel for medical assistance. Eventually the Jail personnel removed Edwards from his cell and hand cuffed him to a nearby table, shouting and laughing at Edwards alleging

that he was "faking" his medical condition. The Jail personnel failed to provide Edwards medical attention and his condition deteriorated where he died on November 29, 2013, approximately five (5) days after arriving at Jefferson County Jail.

11. Records show he was only suspected of driving with a suspended license in Jefferson County.

12. As Edward's health continued to deteriorate, he was not able to move and was forced to lie on the concrete floor in his own vomit. Terry's cellmate made repeated requests to defendant officers and defendant Jefferson County medical personnel for medical attention, all of which were refused. When the cellmate's repeated requests were ignored, the cellmate began begging the officers to get Terry medical attention, explaining that Terry could not still be "dopesick," and that he was dying. All requests were denied.

13. Edwards died shortly later that morning of a perforated pyloric peptic ulcer, a condition which would have been readily treatable had he been afforded access to reasonable medical treatment by the defendants.

14. The failure of the defendants to provide access to medical care for Edwards constituted complete, deliberate, willful and wanton, and criminal indifference to Edwards's serious medical needs.

15. As a direct and proximate result of the defendants' willful and wanton indifference to Edwards's serious medical needs, Edwards was caused to suffer great pain, mental anguish, and death.

## COUNT I
## SECTION 1983, FOURTEENTH AND EIGHTH AMENDMENT CLAIM

16. Paragraphs 1-15 above are re-alleged here as if fully set forth.

17. The actions of the individual defendants, described above, whereby defendants were aware of but deliberately, willfully, and wantonly ignored the obvious serious medical needs of Edwards and the substantial risk of serious injury and death, and failed to take appropriate steps to protect him, constituted deliberate indifference to Edwards's serious medical needs, thus violating the Fourteenth and Eighth Amendments to the United States Constitution.

18. As a direct and proximate result of these Constitutional violations, Edwards was caused to suffer great pain, mental anguish, and death.

WHEREFORE, Plaintiff Erinn Hendrickson demands judgment against the individual defendants, jointly and severally, for compensatory damages in an amount in excess of THREE MILLION DOLLARS ($3,000,000.00) and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of THREE MILLION DOLLARS ($3,000,000.00), plus attorney's fees pursuant to statute and the costs of

this action, and such other and further relief as this Court deems just, proper, and equitable.

### COUNT II 1983 ACTION (MONELL CLAIM) AGAINST INSTITUTIONS AND OFFICIAL DEFENDANTS FOR FAILURE TO PROPERLY INSTRUCT, SUPERVISE, AND PROVIDE ADEQUATE HEALTH CARE

19. Paragraphs 1-19 above are realleged here as if fully set forth herein.

20. The Constitutional violations detailed above were caused in part by the customs, policies, and practices of the institutional defendants, as promulgated, enforced, and disseminated by the official defendants, whereby the institutions and official defendants charged with ensuring adequate health care to pre-trial detainees at Jefferson County Jail failed utterly to provide access to the most basic health care commensurate with a civilized society, in this case and many other cases, including at least one other prior recent case of a pretrial detainee being allowed to slowly die from meningitis while being denied any access to medical care.

21. These failures include (1) fostering an atmosphere at the Jefferson County Jail where correctional and medical personnel were encouraged to disregard serious medical needs of detainees; and (2) knowingly failing to ensure that serious emergent medical needs of detainees could be treated in a reasonable time frame, by (a) failing to provide any medical services in the night hours, (b) failing to have an adequate plan to respond to emergency medical needs, including a plan to move prisoners up stairways, (c) failing to have a reasonably equipped or staffed emergency medical response team, (d) failing to have a system in place so that medical requests of detainees are reviewed promptly by properly trained medical staff and acted upon in a reasonable manner, (e) severely understaffing correctional officers at Jefferson County Jail, in violation of accepted practices and court orders, despite knowing that such understaffing greatly increases the chances that detainees' serious medical needs go untreated, (f) failing to correct serious safety problems such as broken video monitoring systems, despite knowing that such problems greatly increase the chances that detainees' serious medical needs go untreated; and (3) failing to have an adequate assessment of incoming detainee's health situation by qualified physicians; and (4) encouraging the destruction of documents and false writing of reports to cover up inadequacies in the medical care of detainees, thus maintaining an atmosphere and climate where inmates' serious medical needs are ignored and Constitutional violations are not prosecuted
or punished.

WHEREFORE, Plaintiff Erinn Hendrickson demands judgment against the institutional defendants and the official defendants for compensatory damages in an amount in excess of THREE MILLION DOLLARS ($3,000,000.00), plus attorney's fees pursuant to statute and the costs of this action, and such other and further relief as this Court deems just, proper, and equitable.

### COUNT III
### WRONGFUL DEATH PURSUANT TO STATE LAW AGAINST INDIVIDUALS AND INSTITUTIONS

22. Paragraphs 1-22 above are realleged here as if fully set forth.

23. Decedent Edwards, at all times relevant to this Complaint exercised due care for his own safety.

24. At the time and place aforesaid, the individual defendants and the institutional defendants, acting by and through their duly authorized agents and/or employees, owed decedent the duty to refrain from willful and wanton acts or omissions which could cause suffering or death to the decedent.

25. As detailed above, the defendants breached this duty by willfully and wantonly committing one, more, or all of the following acts or omissions:

> (a) Deliberately ignoring the serious medical needs of the decedent;
> (b) Failing to bring the decedent's condition to the attention of medical personnel so that he could be properly diagnosed and treated; treatment;
> (c) Refusing to allow the decedent to make written requests for medical
> (d) Refusing decedent's verbal and written requests for medical attention;
> (e) Failing to provide timely access to medical treatment for a serious condition of which they were aware;
> (f) Otherwise acting willfully and wantonly toward decedent, in total and criminal disregard to his medical needs.

26. As a direct and proximate result of one or more of the foregoing willful and wanton acts and/or omissions of the individual defendants, the decedent was caused to die on November 29, 2013.

27. The institutional defendants are sued in this count pursuant to the doctrine of respondeat superior, in that the individual defendants performed the actions complained of while on duty and in the employ of defendant institutions, and while acting within the scope of this employment.

28. The decedent left surviving him his four minor children, L. H., age 11; L. E., age 5; J. E. age 13; and A. K., age 5.

29. By reason of the death of decedent, decedent's children and other relations have suffered pecuniary damages and been deprived of the support, comfort, protection, and society of the decedent.

WHEREFORE, Plaintiff Erinn Hendrickson demands judgment against the individual and institutional defendants, jointly and severally, for compensatory damages in an amount in excess of THREE MILLION DOLLARS ($3,000,000.00) and further demands judgment against all defendants, jointly and severally, for punitive damages in an amount in excess of THREE MILLION DOLLARS ($3,000,000.00), plus attorney's fees pursuant to statute and the costs of this action, and such other and further relief as this Court deems just, proper, and equitable.

## COUNT IV SURVIVAL ACTION

30. Paragraphs 1-29 above are realleged as if fully stated here.

31. Plaintiff's decedent survived for approximately one week during his sickness, prior agony prior to his death, proximately caused by the above-stated acts and/or omissions of the defendants.

WHEREFORE, Plaintiff Erinn Hendrickson demands judgment against all defendants, jointly and severally, for compensatory damages in an amount in excess of THREE MILLION DOLLARS ($3,000,000.00) and further demands judgment against all defendants, jointly and severally, for punitive damages in an amount in excess of THREE MILLION DOLLARS ($3,000,000.00), plus attorney's fees pursuant to statute and the costs of this action, and such other and further relief as this Court deems just, proper, and equitable.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST INDIVIDUALS AND INSTITUTIONS

32. Paragraphs 1 through 31 above are realleged here as if fully set forth herein.

33. The above-detailed conduct by the individual defendants was extreme and outrageous, exceeding all bounds of human decency.

34. Defendants performed the acts detailed above with the intent of inflicting severe emotional distress or with knowledge of the high probability that the conduct would cause such distress.

35. As a direct and proximate result of this conduct, Plaintiff did in fact suffer severe emotional distress, resulting in injury to his mind, body, and nervous system, including loss of sleep, mental anguish, nightmares, and excruciating physical pain and emotional suffering.

WHEREFORE, Plaintiff demands judgment against all individual and institutional defendants, jointly and severally, for compensatory damages in an amount in excess of THREE MILLION DOLLARS ($3,000,000.00) and further demands judgment against all individual and institutional defendants, jointly and severally, for punitive damages in an amount in excess of THREE MILLION DOLLARS ($3,000,000.00), plus attorney's fees pursuant to statute and the costs of this action, and such other and further relief as this Court deems just, proper, and equitable.

Respectfully Submitted,

/s/ Philip H. Dennis

Philip Dennis, #MO51557
Dennis Law Firm
5340 Delmar, Suite 101
St. Louis, MO 63112
(314) 371-7300
Fax (314) 371-7500
fiatman@earthlink.net

Respectfully Submitted,

/s/ Steven H. Thai

Steven H. Thai, #MO58173
Law Office of Steven H. Thai, LLC
6042 N. Lindbergh Blvd., Suite 200
St. Louis, MO 63042
(314) 603-8774
Fax: (314) 895-8897
stevethai@hotmail.com



# IN THE 23RD JUDICIAL CIRCUIT COURT, JEFFERSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>GARY P KRAMER | Case Number: 16JE-CC00728 |
| Plaintiff/Petitioner:<br>ERINN HENDRICKSON | Plaintiff's/Petitioner's Attorney/Address<br>PHILIP H DENNIS<br>5340 DELMAR SUITE 101 |
| vs. | ST LOUIS, MO 63112 |
| Defendant/Respondent:<br>KENNETH B. WALLER | Court Address:<br>P O BOX 100 |
| Nature of Suit:<br>CC Wrongful Death | 300 MAIN ST<br>HILLSBORO, MO 63050 |
| | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to: JOHN DOE**
Alias:

**400 1ST STREET**
**HILLSBORO, MO 63050**



COURT SEAL OF

*JEFFERSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

     11/29/16       MICHAEL REUTER, CIRCUIT CLERK
                 BY: /s/ B. MOSLEY, DEPUTY CLERK

Further Information:

---

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____ .

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____    _____
  Printed Name of Sheriff or Server        Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*  Subscribed and sworn to before me on _____ (date).

    My commission expires: _____  _____
            Date         Notary Public

---

**Sheriff's Fees**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $____10.00____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

---



# IN THE 23RD JUDICIAL CIRCUIT COURT, JEFFERSON COUNTY, MISSOURI

| Judge or Division:<br>GARY P KRAMER | Case Number: 16JE-CC00728 |
| --- | --- |
| Plaintiff/Petitioner:<br>ERINN HENDRICKSON | Plaintiff's/Petitioner's Attorney/Address<br>PHILIP H DENNIS<br>5340 DELMAR SUITE 101<br>ST LOUIS, MO 63112 |
| vs. | |
| Defendant/Respondent:<br>KENNETH B. WALLER | Court Address:<br>P O BOX 100 |
| Nature of Suit:<br>CC Wrongful Death | 300 MAIN ST<br>HILLSBORO, MO 63050 |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **RON ARMHART**
Alias:

**400 1ST STREET**
**HILLSBORO, MO 63050**



**COURT SEAL OF**

**JEFFERSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

11/29/16                MICHAEL REUTER, CIRCUIT CLERK
                        BY: /s/ B. MOSLEY, DEPUTY CLERK

Further Information:

---

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                        Date                              Notary Public

| **Sheriff's Fees** | | |
| --- | --- | --- |
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 23RD JUDICIAL CIRCUIT COURT, JEFFERSON COUNTY, MISSOURI

| Judge or Division:<br>GARY P KRAMER | Case Number: 16JE-CC00728 |
|---|---|
| Plaintiff/Petitioner:<br>ERINN HENDRICKSON<br><div style="text-align:right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>PHILIP H DENNIS<br>5340 DELMAR SUITE 101<br>ST LOUIS, MO 63112 |
| Defendant/Respondent:<br>KENNETH B. WALLER | Court Address:<br>P O BOX 100 |
| Nature of Suit:<br>CC Wrongful Death | 300 MAIN ST<br>HILLSBORO, MO 63050 |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **KEVIN CARLE**
Alias:

**400 1ST STREET**
**HILLSBORO, MO 63050**



*COURT SEAL OF*

*JEFFERSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

11/29/16      MICHAEL REUTER, CIRCUIT CLERK
BY: /s/ B. MOSLEY, DEPUTY CLERK

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____      _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*     Subscribed and sworn to before me on _____ (date).

My commission expires: _____      _____
Date        Notary Public

**Sheriff's Fees**
| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $____10.00____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 23RD JUDICIAL CIRCUIT COURT, JEFFERSON COUNTY, MISSOURI

| Judge or Division:<br>GARY P KRAMER | Case Number: 16JE-CC00728 |
|---|---|
| Plaintiff/Petitioner:<br>ERINN HENDRICKSON<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>PHILIP H DENNIS<br>5340 DELMAR SUITE 101<br>ST LOUIS, MO 63112 |
| Defendant/Respondent:<br>KENNETH B. WALLER | Court Address:<br>P O BOX 100<br>300 MAIN ST<br>HILLSBORO, MO 63050 |
| Nature of Suit:<br>CC Wrongful Death | |
| | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to: OLIVER GLENN BOYER**
Alias:

**400 FIRST STREET**
**HILLSBORO, MO 63050**



COURT SEAL OF

JEFFERSON COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

11/29/16      MICHAEL REUTER, CIRCUIT CLERK
BY: /s/ B. MOSLEY, DEPUTY CLERK

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____
_____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____      _____
Printed Name of Sheriff or Server      Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*    Subscribed and sworn to before me on _____ (date).

My commission expires: _____      _____
                     Date                              Notary Public

| Sheriff's Fees | | |
|---|---|---|
| Summons | $ _____ | |
| Non Est | $ _____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ ___10.00___ | |
| Mileage | $ _____ ( ____ miles @ $. ____ per mile) | |
| **Total** | $ _____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 23RD JUDICIAL CIRCUIT COURT, JEFFERSON COUNTY, MISSOURI

| Judge or Division:<br>GARY P KRAMER | Case Number: 16JE-CC00728 |
|---|---|
| Plaintiff/Petitioner:<br>ERINN HENDRICKSON<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>PHILIP H DENNIS<br>5340 DELMAR SUITE 101<br>ST LOUIS, MO 63112 |
| Defendant/Respondent:<br>KENNETH B. WALLER | Court Address:<br>P O BOX 100<br>300 MAIN ST<br>HILLSBORO, MO 63050 |
| Nature of Suit:<br>CC Wrongful Death | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to: KENNETH B. WALLER**
        **Alias:**

**PO BOX 100**
**HILLSBORO, MO 63050**

**COURT SEAL OF**

*CIRCUIT COURT OF MISSOURI*

**JEFFERSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

    11/29/16        MICHAEL REUTER, CIRCUIT CLERK
                         BY: /s/ B. MOSLEY, DEPUTY CLERK

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____     _____
   Printed Name of Sheriff or Server                  Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*    Subscribed and sworn to before me on _____ (date).

    My commission expires: _____     _____
                           Date                     Notary Public

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

IN THE CIRCUIT COURT OF JEFFERSON COUNTY
STATE OF MISSOURI

ERINN HENDRICKSON,                              )
   Plaintiff,                                   )
v.                                              )
                                      ) Cause: 16JE-CC00728 )
KEN WALLER, COUNTY EXECUTIVE,  )
                                        )
OLIVER GLENN BOYER,                       ) Div: 2
SHERIFF OF JEFFERSON COUNTY,       )
JEFFERSON COUNTY JAIL                     )
KEVIN CARLE,                                     )
RON ARMHART,                                    )
JOHN DOE 1, CORRECTION OFFICER   )
   Defendants

REQUEST FOR ORDER FOR ISSUING SUMMONS

---

Comes now the Plaintiff/Petitioner and requests an order issuing summons in the matter to serve
PETITION FOR WRONGFUL DEATH and summons on defendants/respondents:

     1.     Defendants:

          KEN WALLER, COUNTY EXECUTIVE,

          OLIVER GLENN BOYER, SHERIFF OF JEFFERSON COUNTY,

          KEVIN CARLE,

          RON ARMHART, JOHN DOE 1,  CORRECTION OFFICERS JEFFERSON

COUNTY

     2.     Server, Cody Terry has been appointed as special process server.

     3.     Service on the party defendants are in the Sheriff's Office, and original summons
has not been issued.

WHEREAS, for the above reasons, Petitioner requests Summons be issued with new expiration
date.



Philip H. Dennis, #51557
Attorney for the Plaintiff
5340 Delmar, Suite 101
St. Louis, Missouri 63112
Phone: (314) 371-7300

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY
## STATE OF MISSOURI

ERINN HENDRICKSON,  )
   Plaintiff,  )
    )  Cause: 16JE-CC00728
    )
v.  )
    )
KEN WALLER, COUNTY EXECUTIVE,  )
OLIVER GLENN BOYER,  )  Div: 2
SHERIFF OF JEFFERSON COUNTY,  )
JEFFERSON COUNTY JAIL  )
KEVIN CARLE,  )
RON ARMHART,  )
JOHN DOE 1, CORRECTION OFFICER  )
   Defendants

## MOTION FOR ORDER APPOINTING SPECIAL PROCESS SERVER

Comes now the Plaintiff/Petitioner and requests an order appointing
Cody Terry, P O Box 270471
St Louis MO 63127, 636-208-6545, as Special Process Server per
Supreme Court Rule 54.13 and RSMo 506.140 to serve PETITION FOR
WRONGFUL DEATH and summons on defendants/respondents:

      KEN WALLER, COUNTY EXECUTIVE,
      OLIVER GLENN BOYER,
         SHERIFF OF JEFFERSON COUNTY,
      KEVIN CARLE,
      RON ARMHART,
      JOHN DOE 1,
         CORRECTION OFFICERS JEFFERSON COUNTY

JAIL

for the reason that party defendants are in the Sheriff's Office, and summons would otherwise be served by the Sheriff's Office.

Date 10/25/2016



Philip H. Dennis, #51557
Attorney for the Plaintiff
5340 Delmar, Suite 101
St. Louis, Missouri 63112
Phone: (314) 371-7300
Fax: 314-371-7500
dennislaw1959@hotmail.com

## <u>ORDER APPOINTING SPECIAL PROCESS SERVER</u>

For good cause shown, as stated in plaintiff's/petitioner's application, it is ordered that Cody Terry is appointed Special Process Server to serve PETITION FOR WRONGFUL DEATH and summons on the above named defendants/respondent in this cause.

Appointed as requested:

JEFFERSON COUNTY CIRCUIT CLERK


BY

_____

DEPUTY CLERK
 Date_____ _____

**CONFIDENTIAL CASE FILING INFORMATION SHEET – NON-DOMESTIC RELATIONS**

**INSTRUCTIONS:**

✓ Complete this form for all parties known at the time of filing. Provide the most appropriate Case Type and Party Type codes and descriptions. (Found on the Case Types List and Party Types List at www.courts.mo.gov on the Court Forms/Filing Information page.)

✓ If additional space is needed, complete additional Confidential Case Filing Information Sheets.

**NOTE:** The **full** Social Security Number (SSN) is **required** pursuant to Missouri Supreme Court Operating Rule 4.07 if the party is a person and is reasonably available. This is a confidential document. This information is needed to open a case in the court's case management system. While cases deemed public under Missouri statutes can be accessed through Case.net, the day and month of birth, SSN, and confidential addresses are NOT provided to the public through Case.net.

Filing Date: _10 - 18 - 16_   County/City of St. Louis: _Jefferson County_

Style of Case: _Erinn Hendrickson_ v. _Ken Waller, Etal_
(i.e. In the Estate of; In the Matter of; Petitioner v. Respondent.)

Case Type Code: _TH_   Case Type Description: _Wrongful Death_

---

Party Type Code: _PET_   Party Type Description: _Petitioner_

Name (if a person): (Last) _Hendrickson_   (First) _Erinn_   (Middle) _____

Organization (if non-person): _____

Address: _5311 S. Bellerieve Ln._

City: _Imperial_   State: _Mo_   Zip: _63052_   Contact Telephone Number: _314. 371. 7300_

DOB/DOD: ▮▮▮▮   Gender: ☐ Male ☒ Female   SSN: _____

Attorney Name (if represented by counsel): _Philip Dennis_   Bar ID: _51557_   Party Type Code: _PET_

---

Party Type Code: _DFT_   Party Type Description: _Defendant_

Name (if a person): (Last) _Waller_   (First) _Ken_   (Middle) _____

Organization (if non-person): _____

Address: _729 Maple St._

City: _Hillsboro_   State: _Mo_   Zip: _63050_   Contact Telephone Number: _636 · 797 · 5400_

DOB/DOD: _____   Gender: ☑ Male ☐ Female   SSN: _____

Attorney Name (if represented by counsel): _____   Bar ID: _____   Party Type Code: _DFT_

---

Party Type Code: _DFT_   Party Type Description: _Defendant_

Name (if a person): (Last) _Boyer_   (First) _Oliver_   (Middle) _Glenn_

Organization (if non-person): _4_

Address: _400 First Street_

City: _Hillsboro_   State: _Mo_   Zip: _63050_   Contact Telephone Number: _636 · 797 · 9999_

DOB/DOD: _____   Gender: ☑ Male ☐ Female   SSN: _____

Attorney Name (if represented by counsel): _____   Bar ID: _____   Party Type Code: _DFT_

---

Submitted by: _Philip H. Dennis_   Bar ID (required if attorney): _51557_

Address (if not shown above): _5340 Delmar #101_

City: _St. Louis_   State: _Mo_   Zip: _63112_

Phone: _314 371-7300_   Email Address: _dennislaw1959@ hotmail.com_
_flatman@earthlink._

*IMPORTANT: It is the parties' responsibility to keep the court informed of any change of address or employment.*

1.

OSCA (05-13) FI-05

# CONFIDENTIAL CASE FILING INFORMATION SHEET – NON-DOMESTIC RELATIONS

**INSTRUCTIONS:**
✓ Complete this form for all parties known at the time of filing. Provide the most appropriate Case Type and Party Type codes and descriptions. (Found on the Case Types List and Party Types List at www.courts.mo.gov on the Court Forms/Filing Information page.)
✓ If additional space is needed, complete additional Confidential Case Filing Information Sheets.
**NOTE:** The **full** Social Security Number (SSN) is ***required*** pursuant to Missouri Supreme Court Operating Rule 4.07 if the party is a person and is reasonably available. This is a confidential document. This information is needed to open a case in the court's case management system. While cases deemed public under Missouri statutes can be accessed through Case.net, the day and month of birth, SSN, and confidential addresses are NOT provided to the public through Case.net.

Filing Date: __10·18·16__ County/City of St. Louis: __Jefferson County__

Style of Case: __Erinn Hendrickson__ v. __Ken Waller, Etal__
(i.e. In the Estate of; In the Matter of; Petitioner v. Respondent.)

Case Type Code: __TH__ Case Type Description: __Wrongful Death__

---

Party Type Code: __DFT__ Party Type Description: __Defendant__

Name (if a person): (Last) __Carle__ (First) __Kevin__ (Middle) _____

Organization (if non-person): _____

Address: __400  1st  Street__

City: __Hillsboro__ State: __MO__ Zip: __63050__ Contact Telephone Number: __636  797- 9999__

DOB/DOD: _____ Gender: ☑ Male ☐ Female SSN: _____

Attorney Name (if represented by counsel): _____ Bar ID: _____ Party Type Code: _____

---

Party Type Code: __DFT__ Party Type Description: __Defendant__

Name (if a person): (Last) __Armhart__ (First) __Ron__ (Middle) _____

Organization (if non-person): _____

Address: __460  1st  Street__

City: __Hillsboro__ State: __Mo__ Zip: __63050__ Contact Telephone Number: __636·797·9999__

DOB/DOD: _____ Gender: ☑ Male ☐ Female SSN: _____

Attorney Name (if represented by counsel): _____ Bar ID: _____ Party Type Code: _____

---

Party Type Code: _____ Party Type Description: _____

Name (if a person): (Last) _____ (First) _____ (Middle) _____

Organization (if non-person): _____

Address: _____

City: _____ State: _____ Zip: _____ Contact Telephone Number: _____

DOB/DOD: _____ Gender: ☐ Male ☐ Female SSN: _____

Attorney Name (if represented by counsel): _____ Bar ID: _____ Party Type Code: _____

---

Submitted by: __Philip H. Dennis__ Bar ID (required if attorney): __51557__

Address (if not shown above): _____

City: _____ State: _____ Zip: _____

Phone: _____ Email Address: __dennislaw1959@hotmail.com__

*IMPORTANT: It is the parties' responsibility to keep the court informed of any change of address or employment.*

2.

16JE-CC00728

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
ST. LOUIS DIVISION

ERINN HENDRICKSON,       )
    Plaintiff,           )
                 )
                 )
    v.                   )
                 )
KEN WALLER, COUNTY EXECUTIVE,       )
SHERIFF OF JEFFERSON COUNTY,        )   Erinn Hendrickson
JEFFERSON COUNTY JAIL               )
KEVIN CARLE,                        )
RON ARMHART,                        )
JOHN DOE 1, CORRECTION OFFICER      )
JOHN DOE 2, CORRECTION OFFICER      )

## **COMPLAINT**

    COMES NOW Plaintiffs, by their attorneys, Dennis Law Firm and Law Office of Steven

H. Thai, L.L.C., and complaining Defendants, state as follows:

### INTRODUCTION

    1. This is a civil action seeking damages for depriving Plaintiff deceased, while acting

under color of law as Jefferson County Sheriff and Correctional Officers and Jefferson County

Jail health officials, of rights secured by the 8th and the 14th Amendments Constitution and laws

of the United States, including the rights secured and 14th Amendments to the Constitution, and

for related State-law claims, including wrongful death.

JURISDICTION

2.  This action is brought pursuant to 42 U.S.C. sec. 1983, 42 U.S.C. sec. 1988 and the Eighth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is founded upon 28 U.S.C. Sections 1331 and 1341(3) and (4) and 1343, and the aforementioned constitutional and statutory provisions.  Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to Section 1367 to hear and decide claims arising out of state law.

PARTIES

3.  Plaintiff is a citizen of the United States, who currently resides in St. Louis County, Missouri.  Plaintiff sues on behalf of his/her father, Terry Edwards, who was a citizen of the United States and was a pretrial detainee at Jefferson County Jail at the time of his death.

4.  Defendant, Sheriff of Jefferson County runs the Jefferson County Jail and the Jefferson County Department of Corrections and is the employer of the correctional offers sued herein, Jefferson County is a duly incorporated governmental entity in Missouri, and runs the health service for detainees at Jefferson County Jail

5.  Ken Waller is the Jefferson County Executive. Oliver "Glenn" Boyer is the Jefferson County, and Capt. Ron Arnhart is a supervising officer with the Jefferson County Sheriff's Office. The above defendants, who may be collectively referred to as the "official defendants,"

are sued in their official capacities.

6. At all times relevant hereto, the individual and official defendants were acting under color of the statutes, ordinances, regulations, customs and usages of the State of Missouri, Jefferson County, and the Jefferson County Sheriff's Department, and within the scope of their employment with defendant institutions.

## FACTS COMMON TO ALL COUNTS

7. Terry Edwards, 38 and with four children, was arrested by St. Louis County officers on Nov. 24, 2013 on suspicion of possessing drug paraphernalia and resisting arrest by flight. Two St. Louis County Police officers approached him, searched him, found no contraband, and then arrested him.

8. Terry, who enjoyed good health for most of his life, had been suffering from what seemed like acid reflux symptoms at the time of his arrest. The arresting officers transported Terry to the St. Louis County Jail, where he was screened by County Health Services. Terry complained to the corrections personnel about his physical condition after being transported to Jefferson County, but he was not medically re-evaluated for general prison population.

9. Dan Cox of House Springs, a prisoner who said he was taken into custody because of back child support, said he joined Edwards in his cell about 7:30 p.m. on November 28, 2013, Thanksgiving Day. Edwards said he was not feeling well, and he called on the intercom at about 1 a.m. or 2 a.m. and told jail officials he was sick, and that he felt like he was going to faint, Cox

said. "They asked if he wanted an Ibuprofen and told him to talk to the nurse in the morning." Cox, who had been released from custody by Tuesday, said he discovered Edwards dead in his cell at about 4 a.m. November 29, 2013 and that he notified jail officials. These deputies refused Terry's repeated requests for medical attention, stating that Terry, who had not been using drugs, was only "dopesick."

10. James Evans, a cellmate of Edwards, observed Edwards complaining about excruciating stomach pain and the cellmates called out to the Jail personnel for medical aide. The Jail personnel ignored Edwards' pleas for help and shortly thereafter Edwards was vomiting blood continuously throughout the cell. With alarm, Evans and other cellmates continued to call out to the Jail personnel for medical assistance. Eventually the Jail personnel removed Edwards from his cell and hand cuffed him to a nearby table, shouting and laughing at Edwards alleging that he was "faking" his medical condition. The Jail personnel failed to provide Edwards medical attention and his condition deteriorated where he died on November 29, 2013, approximately five (5) days after arriving at Jefferson County Jail.

11. Records show he was only suspected of driving with a suspended license in Jefferson County.

12. As Edward's health continued to deteriorate, he was not able to move and was forced to lie on the concrete floor in his own vomit. Terry's cellmate made repeated requests to defendant officers and defendant Jefferson County medical personnel for medical attention, all of which were refused. When the cellmate's repeated requests were ignored, the cellmate began begging the officers to get Terry medical attention, explaining that Terry could not still be "dopesick," and that he was dying. All requests were denied.

13. Edwards died shortly later that morning of a perforated pyloric peptic ulcer, a condition which would have been readily treatable had he been afforded access to reasonable medical treatment by the defendants.

14. The failure of the defendants to provide access to medical care for Edwards constituted complete, deliberate, willful and wanton, and criminal indifference to Edwards's serious medical needs.

15. As a direct and proximate result of the defendants' willful and wanton indifference to Edwards's serious medical needs, Edwards was caused to suffer great pain, mental anguish, and death.

### COUNT I

### SECTION 1983, FOURTEENTH AND EIGHTH AMENDMENT CLAIM

16. Paragraphs 1-15 above are re-alleged here as if fully set forth.

17. The actions of the individual defendants, described above, whereby defendants were aware of but deliberately, willfully, and wantonly ignored the obvious serious medical needs of Edwards and the substantial risk of serious injury and death, and failed to take appropriate steps to protect him, constituted deliberate indifference to Edwards's serious medical needs, thus violating the Fourteenth and Eighth Amendments to the United States Constitution.

18. As a direct and proximate result of these Constitutional violations, Edwards was caused to suffer great pain, mental anguish, and death.

WHEREFORE, Plaintiff Erinn Hendrickson demands judgment against the individual

defendants, jointly and severally, for compensatory damages in an amount in excess of THREE

MILLION DOLLARS ($3,000,000.00) and further demands judgment against the individual

defendants, jointly and severally, for punitive damages in an amount in excess of THREE

MILLION DOLLARS ($3,000,000.00), plus attorney's fees pursuant to statute and the costs of

this action, and such other and further relief as this Court deems just, proper, and equitable.


## COUNT II 1983 ACTION (MONELL CLAIM) AGAINST INSTITUTIONS AND OFFICIAL DEFENDANTS FOR FAILURE TO PROPERLY INSTRUCT, SUPERVISE, AND PROVIDE ADEQUATE HEALTH CARE

19. Paragraphs 1-19 above are realleged here as if fully set forth herein.


20. The Constitutional violations detailed above were caused in part by the customs,

policies, and practices of the institutional defendants, as promulgated, enforced, and

disseminated

by the official defendants, whereby the institutions and official defendants charged with ensuring

adequate health care to pre-trial detainees at Cook County Jail failed utterly to provide access to

the most basic health care commensurate with a civilized society, in this case and many other

cases, including at least one other prior recent case of a pretrial detainee being allowed to slowly

die from meningitis while being denied any access to medical care.

21. These failures include (1) fostering an atmosphere at the Cook County Jail where

correctional and medical personnel were encouraged to disregard serious medical needs of

detainees; and (2) knowingly failing to ensure that serious emergent medical needs of detainees

could be treated in a reasonable time frame, by (a) failing to provide any medical services in the night hours, (b) failing to have an adequate plan to respond to emergency medical needs, including a plan to move prisoners up stairways, (c) failing to have a reasonably equipped or staffed emergency medical response team, (d) failing to have a system in place so that medical requests of detainees are reviewed promptly by properly trained medical staff and acted upon in a reasonable manner, (e) severely understaffing correctional officers at Cook County Jail, in violation of accepted practices and court orders, despite knowing that such understaffing greatly increases the chances that detainees' serious medical needs go untreated, (f) failing to correct serious safety problems such as broken video monitoring systems, despite knowing that such problems greatly increase the chances that detainees' serious medical needs go untreated; and (3) failing to have an adequate assessment of incoming detainee's health situation by qualified physicians; and (4) encouraging the destruction of documents and false writing of reports to cover up inadequacies in the medical care of detainees, thus maintaining an atmosphere and climate where inmates' serious medical needs are ignored and Constitutional violations are not prosecuted

or punished.


WHEREFORE, Plaintiff Erinn Hendrickson demands judgment against the institutional defendants and the official defendants for compensatory damages in an amount in excess of THREE MILLION DOLLARS ($3,000,000.00), plus attorney's fees pursuant to statute and the costs of this action, and such other and further relief as this Court deems just, proper, and equitable.

## COUNT III
## WRONGFUL DEATH PURSUANT TO STATE LAW AGAINST INDIVIDUALS AND INSTITUTIONS

22. Paragraphs 1-22 above are realleged here as if fully set forth.

23. Decedent Edwards L. Smith, Jr. at all times relevant to this Complaint exercised due care for his own safety.

24. At the time and place aforesaid, the individual defendants and the institutional defendants, acting by and through their duly authorized agents and/or employees, owed decedent the duty to refrain from willful and wanton acts or omissions which could cause suffering or death to the decedent.

25. As detailed above, the defendants breached this duty by willfully and wantonly committing one, more, or all of the following acts or omissions:

(a) Deliberately ignoring the serious medical needs of the decedent;

(b) Failing to bring the decedent's condition to the attention of medical personnel so that he could be properly diagnosed and treated; treatment;

(c) Refusing to allow the decedent to make written requests for medical

(d) Refusing decedent's verbal and written requests for medical attention;

(e) Failing to provide timely access to medical treatment for a serious condition of which they were aware;

(f) Otherwise acting willfully and wantonly toward decedent, in total and criminal disregard to his medical needs.

26. As a direct and proximate result of one or more of the foregoing willful and wanton

acts and/or omissions of the individual defendants, the decedent was caused to die on April 30, 2004.

27. The institutional defendants are sued in this count pursuant to the doctrine of respondeat superior, in that the individual defendants performed the actions complained of while on duty and in the employ of defendant institutions, and while acting within the scope of this employment.

28. The decedent left surviving him his four minor children, L. H., age 11; L. E., age 5; J. E. age 13; and A. K., age 5.

29. By reason of the death of decedent, decedent's children and other relations have suffered pecuniary damages and been deprived of the support, comfort, protection, and society of the decedent.

WHEREFORE, Plaintiff Erinn Hendrickson demands judgment against the individual and institutional defendants, jointly and severally, for compensatory damages in an amount in excess of THREE MILLION DOLLARS ($3,000,000.00) and further demands judgment against all defendants, jointly and severally, for punitive damages in an amount in excess of THREE MILLION DOLLARS ($3,000,000.00), plus attorney's fees pursuant to statute and the costs of this action, and such other and further relief as this Court deems just, proper, and equitable.

## COUNT IV SURVIVAL ACTION

30. Paragraphs 1-29 above are realleged as if fully stated here.

31. Plaintiff's decedent survived for approximately one week during his sickness, prior agony prior to his death, proximately caused by the above-stated acts and/or omissions of the defendants.

WHEREFORE, Plaintiff Erinn Hendrickson demands judgment against all defendants, jointly and severally, for compensatory damages in an amount in excess of THREE MILLION DOLLARS ($3,000,000.00) and further demands judgment against all defendants, jointly and severally, for punitive damages in an amount in excess of THREE MILLION DOLLARS ($3,000,000.00), plus attorney's fees pursuant to statute and the costs of this action, and such other and further relief as this Court deems just, proper, and equitable.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST INDIVIDUALS AND INSTITUTIONS

32. Paragraphs 1 through 31 above are realleged here as if fully set forth herein.

33. The above-detailed conduct by the individual defendants was extreme and outrageous, exceeding all bounds of human decency.

34. Defendants performed the acts detailed above with the intent of inflicting severe emotional distress or with knowledge of the high probability that the conduct would cause such distress.

35. As a direct and proximate result of this conduct, Plaintiff did in fact suffer severe emotional distress, resulting in injury to his mind, body, and nervous system, including loss of sleep, mental anguish, nightmares, and excruciating physical pain and emotional suffering.

WHEREFORE, Plaintiff demands judgment against all individual and institutional defendants,

jointly and severally, for compensatory damages in an amount in excess of THREE MILLION

DOLLARS ($3,000,000.00) and further demands judgment against all individual and

institutional defendants, jointly and severally, for punitive damages in an amount in excess of

THREE MILLION DOLLARS ($3,000,000.00), plus attorney's fees pursuant to statute and the

costs of this action, and such other and further relief as this Court deems just, proper, and

equitable.

Respectfully Submitted,

/s/ Philip H. Dennis

Philip Dennis, #MO51557
Dennis Law Firm
5340 Delmar, Suite 101
St. Louis, MO 63112
(314) 371-7300
Fax (314) 371-7500
fiatman@earthlink.net

Respectfully Submitted,

/s/ Steven H. Thai

Steven H. Thai, #MO58173
Law Office of Steven H. Thai, LLC
6042 N. Lindbergh Blvd., Suite 200
St. Louis, MO 63042
(314) 603-8774
Fax: (314) 895-8897
stevethai@hotmail.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

```
                                  )
                    ,             )
                                  )
            Plaintiff,            )
                                  )
     v.                           )     Case No.
                                  )
                    ,             )
                                  )
            Defendant,            )
                                  )
```

**ORIGINAL FILING FORM**

**THIS FORM MUST BE COMPLETED AND VERIFIED BY THE FILING PARTY
WHEN INITIATING A NEW CASE.**

☐   THIS SAME CAUSE, OR A SUBSTANTIALLY EQUIVALENT COMPLAINT, WAS

PREVIOUSLY FILED IN THIS COURT AS CASE NUMBER _____

AND ASSIGNED TO THE HONORABLE JUDGE _____.

☐   THIS CAUSE IS RELATED, BUT IS NOT SUBSTANTIALLY EQUIVALENT TO ANY

PREVIOUSLY FILED COMPLAINT.  THE RELATED CASE NUMBER IS _____ AND

THAT CASE WAS ASSIGNED TO THE HONORABLE _____. THIS CASE MAY,

THEREFORE, BE OPENED AS AN ORIGINAL PROCEEDING.

☐   NEITHER THIS SAME CAUSE, NOR A SUBSTANTIALLY EQUIVALENT

COMPLAINT, HAS BEEN PREVIOUSLY FILED IN THIS COURT, AND THEREFORE

MAY BE OPENED AS AN ORIGINAL PROCEEDING.

**The undersigned affirms that the information provided above is true and correct.**

Date: _____          _____
                                             Signature of Filing Party

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❏ 1  U.S. Government
       Plaintiff

❏ 3  Federal Question
         *(U.S. Government Not a Party)*

❏ 2  U.S. Government
       Defendant

❏ 4  Diversity
         *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - | ❏ 690 Other | ❏ 423 Withdrawal | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Product Liability | | 28 USC 157 | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | Liability | ❏ 367 Health Care/ | | | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❏ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ❏ 820 Copyrights | ❏ 460 Deportation |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Product Liability | | ❏ 830 Patent | ❏ 470 Racketeer Influenced and |
| ❏ 152 Recovery of Defaulted | Liability | ❏ 368 Asbestos Personal | | ❏ 840 Trademark | Corrupt Organizations |
| Student Loans | ❏ 340 Marine | Injury Product | | | ❏ 480 Consumer Credit |
| (Excludes Veterans) | ❏ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ❏ 490 Cable/Sat TV |
| ❏ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | ❏ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | Act | ❏ 862 Black Lung (923) | Exchange |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | ❏ 371 Truth in Lending | ❏ 720 Labor/Management | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 190 Other Contract | Product Liability | ❏ 380 Other Personal | Relations | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | Property Damage | ❏ 740 Railway Labor Act | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| ❏ 196 Franchise | Injury | ❏ 385 Property Damage | ❏ 751 Family and Medical | | ❏ 895 Freedom of Information |
| | ❏ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ❏ 790 Other Labor Litigation | | ❏ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 791 Employee Retirement | **FEDERAL TAX SUITS** | ❏ 899 Administrative Procedure |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ❏ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate | | ❏ 871 IRS—Third Party | ❏ 950 Constitutionality of |
| ❏ 240 Torts to Land | ❏ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ❏ 245 Tort Product Liability | Accommodations | ❏ 530 General | | | |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 446 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration | | |
| | Other | ❏ 550 Civil Rights | Actions | | |
| | ❏ 448 Education | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

❏ 1  Original
       Proceeding

❏ 2  Removed from
       State Court

❏ 3  Remanded from
       Appellate Court

❏ 4  Reinstated or
       Reopened

❏ 5  Transferred from
       Another District
       *(specify)*

❏ 6  Multidistrict
       Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____

Brief description of cause:
_____

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION**
   UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    ❏ Yes    ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.