UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

L.H., a minor, by his Next Friend Erinn Hendrickson, et al., )
)
)
      Plaintiffs, )
)
  vs. )     4:17CV217SPM
)
)
KEN WALLER, et al., )
)
)
    Defendants. )

## ORDER

     This matter is before the Court on Defendants' Second Motion for More Definite Statement (Doc. 18) and Plaintiff's Third Motion for Extension of Time to Amend the Petition (Doc. 24). For the reasons stated below and discussed between the Court and the parties at the Rule 16 Conference held on April 11, 2017, Defendants' motion will be granted and Plaintiff's motion will be denied as moot.

     Plaintiff is the minor child of Terry Edwards, who is deceased. They bring this case through their next friend, Erinn Hendrickson. Plaintiff's Amended Complaint alleges that on November 24, 2013, Terry Edwards was arrested by St. Louis County officers. The Complaint further alleges that, at the time, Edwards had what seemed like acid reflux symptoms, and he was screened by County Health Services at the St. Louis County Jail. After he was transported to the Jefferson County jail, he complained about his physical condition but was not medically re-evaluated. Edwards' condition later deteriorated, and he began complaining about excruciating stomach pain and began vomiting blood. Edwards and his cellmates repeatedly called out to jail personnel for medical assistance, and jail officials ignored them. Eventually jail personnel removed Edwards from his cell and cuffed him to a nearby table, shouting and laughing and stating that Edwards was faking his medical condition. On November 29, 2013, Edwards died of a perforated pyloric peptic ulcer.

The Second Amended Complaint asserts five counts for (1) violations of the Fourteenth and Eighth Amendments by deliberate/reckless indifference to Edwards' medical needs (against "the individual defendants"); (2) failure to properly instruct, supervise, and provide adequate care (against "the institutional defendants" and "the individual defendants"), under *Monell;* (3) state-law wrongful death claim (against "the individual defendants" and "the institutional defendants"); (4) "survival action" for compensatory and punitive damages (against all defendants); and (5) intentional infliction of emotional distress claim (against "individuals and institutions.").

At the Rule 16 Conference, the Court and the parties discussed several confusing aspects of Plaintiff's Amended Complaint. For example, it is unclear from the Complaint who the defendants are or what they have allegedly done to give rise to liability. In the caption, the defendants are identified as: (1) Jefferson County; the Jefferson County Sheriff's Office;[1] (2) Ken Waller, County Executive; (3) Kevin Carle; (4) Ron Arnhart, a supervising officer with the Jefferson County Sheriff's office; and (5) two John Doe corrections officers. However, in paragraph 4 of the Amended Complaint, Plaintiffs refer to "Defendant, Sheriff of Jefferson County"—who is not identified as a defendant in the caption of the case.  Additionally, in paragraph 5, Plaintiff alleges that "Oliver 'Glenn' Boyer is the Jefferson County [sic]," and Plaintiff states that Boyer (along with Waller and Arnhart) is one of the "official defendants." Boyer also is not identified as a defendant in the caption of the case. The terms "individual defendants" and "institutional defendants" are not defined in the Amended Complaint, so it is unclear who is being sued for what.

In addition to the foregoing deficiencies, Count II contains allegations entirely directed toward problems at "Cook County Jail," not Jefferson County Jail. Thus, as the pleadings currently stand, Count II is not related to the underlying events in this case and all or some of the allegations in Count II appear to have been inadvertently included in the Complaint. Similarly, Count III describes a decedent named "Edwards L. Smith, Jr." who died in April 2004. Like the allegations in Count II, all

---

[1] In their motion for more definite statement, Defendants state that the "Jefferson County Sheriff's Office" is not a suable entity, citing Ketchum v. City of West Memphis, Arkansas, 974 F.2d 81, 82 (8th Cir. 1992).

or some of the allegations in Count III also have nothing to do with the underlying events in this case and appear to have been inadvertently included in the Complaint.

During the Rule 16 Conference, Plaintiff's counsel acknowledged the errors in the Complaint and indicated that he would correct them. He also indicated that he had requested, and was previously awaiting, factual information in order to comply with the Defendants' request for a more definite statement. Based on the discussion with both counsel, it appears that Defendants provided Plaintiff with the equivalent of Defendant's Rule 26(a)(1) disclosures about a week ago. Those disclosures include, among other things, an investigative report including summaries of statements taken from eye witnesses as well as from correctional officers involved in the underlying events. As such, Plaintiff is currently in possession of more than enough information to cure the pleading deficiencies and adequately amend the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Second Motion for More Definite Statement (Doc. 18) is **GRANTED**. Plaintiff must file a Second Amended Complaint that remedies the deficiencies set out in Defendants' motion and discussed during the Rule 16 Conference no later than **May 2, 2017**. Defendant must Answer or otherwise respond to Plaintiff's Second Amended Complaint by no later than **May 17, 2017**.

**IT IS FURTHER ORDERED** that Plaintiff's Third Motion for Extension of Time to Amend the Petition (Doc. 24), is **DENIED, as moot**.

Dated this 13th day of April, 2017.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE