UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| L.H., et al., minors, | ) | |
| by and through their next friend, | ) | |
| Erinn Hendrickson, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-CV-217-SPM |
| | ) | |
| | ) | |
| JEFFERSON COUNTY, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Leave of Court to File Fourth

Amended Complaint. (Doc. 41). Defendant Jefferson County filed a response stating that it does

not oppose Plaintiffs' motion. (Doc. 42). The other defendants have not filed any responses to the

motion. For the reasons stated below, the motion will be granted.

On May 3, 2017, Plaintiffs L.H., L.E., J.E., and A.K. (the minor children of decedent

Terry Edwards), through their next friend, filed their Third Amended Complaint. (Doc. 30).

Plaintiffs named the following Defendants: Jefferson County Sheriff's Office, Dave Marshak;

Jefferson County; Kevin Carle; Ron Arnhart; William Whiteley; Robert Lalk; Kevin Karl; Scott

Johnson; Jacob Hurley; Tenesa Cash; Michael Collins; Kirk Biehle; James O'Connell; Susan

Coleman; Timothy Bennett; John Does 1-10; Jane Does 1-10; and Doe Corporations 1-10. In their

Third Amended Complaint, Plaintiffs asserted five counts: (I) a claim that the individual

defendants violated the Fourteenth and Eighth Amendments to the United States Constitution; (II)

a claim that the institutions and official defendants failed to properly instruct, supervise, and

provide adequate health care to pretrial detainees at Jefferson County Jail; (III) a state law wrongful death claim against the individual defendants and institutions; (IV) a survival action against all defendants; and (V) an intentional infliction of emotional distress claim against the individual defendants and institutions.

Several of the defendants subsequently moved to dismiss some or all of the counts against them in the Third Amended Complaint. Defendant Kevin Carle moved to dismiss the claims against him on the basis that the Third Amended Complaint contained no factual allegations against him. (Doc. 31). Defendants Jefferson County, Ron Arnhart, and Kevin Carle moved to dismiss Count IV on the basis that Plaintiffs lack standing to bring a survival action, which must be brought by the personal representative of the decedent's estate. (Doc. 32). Defendant Jefferson County Sheriff's Office moved to dismiss the claims against it because it is not an entity at law subject to suit. (Doc. 33). Defendant Jefferson County moved to dismiss Counts III, IV, and V on the basis that those claims are tort actions barred under the doctrine of sovereign immunity. (Doc. 34). Finally, Defendant Ron Arnhart moved for a more definite statement, arguing that he could not determine whether he was being sued in his individual or official capacity and could not determine which counts were brought against him. (Doc. 35).

Defendants Jefferson County and Ron Arnhart filed an answer to Count II of Plaintiff's Third Amended Complaint. (Doc. 36). Several other named defendants (William Whiteley, Robert Lalk, Kevin Karl, Scott Johnson, Jacob Hurley, Tenesa Cash, Michael Collins, Kirk Biehle, James O'Connell, Dave Marshak, and Susan Coleman) have filed no response to the Third Amended Complaint; it appears that they have not yet been served.

Plaintiffs' responses to Defendants' motions were due on June 30, 2017. Instead of filing responses, Plaintiffs filed the instant motion for leave to file a Fourth Amended Complaint. In their

proposed Fourth Amended Complaint, Plaintiffs seek to do the following: (1) add another Plaintiff, Ciara Valentine (the decedent's adult child); (2) identify a "Doe Corporation" as Defendant Correct Care Solutions, LLC, the third party medical provider at the Jefferson County Jail; (3) identify a "John Doe" medical provider as Defendant Dr. Glenn; (4) eliminate from the lawsuit Defendants Kevin Carle, Ron Arnhart, William Whitely, Robert Lalk, James O'Connell, and the Jefferson County Sherriff's Office; [1] (5) clarify that the named individuals are sued in their individual capacities only; dismiss Count IV (survival action) and Count V (intentional infliction of emotional distress); and (6) add claims for negligent hiring, negligent supervision, and breach of third party beneficiary contract. Plaintiffs state that on June 23, 2017 (seven days prior to the filing of the instant motion), they engaged new counsel to serve as lead counsel in this litigation. Plaintiffs also state that the Fourth Amended Complaint addresses each of the issues raised in Defendants' motions to dismiss and other motions.

Under Rule 15 of the Federal Rules of Civil Procedure, a party who wishes to amend a pleading more than 21 days after the original pleading was served may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). The court "should freely give leave [to amend pleadings] when justice so requires." *Id.* However, where a party seeks leave to amend its pleading after the deadline established in the court's scheduling order, the Court applies the "good cause" standard of Rule 16(b)(4) rather than the Rule 15(a) standard. *See Sherman v. Winco Fireworks Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). Under Rule 16(b)(4), "[a] schedule [set forth in a court order] may be modified only with good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

---

[1] In their motion for leave, Plaintiffs also state that filing the Fourth Amended Complaint will involve dismissal of Defendants Michael Merseal, Zachary Sims, Dionne Millers, and Timothy Davis. (Doc. 41, at ¶ 11(d)). However, those individuals are not currently named as defendants.

The Court finds good cause for permitting Plaintiffs to file a Fourth Amended Complaint. The filing of the Fourth Amended Complaint resolves nearly all of the issues raised in Defendants' motions by eliminating several of the moving defendants from the case; eliminating Counts IV and V; and providing clarity regarding whether the named individuals are sued in their individual or official capacities. The Court also notes that this case in in its early stages, and no parties will be prejudiced by the amendment. Moreover, the Court notes that the only defendant to respond to this motion does not oppose it.

Additionally, to the extent that Plaintiffs have moved to amend their complaint to remove certain defendants (Kevin Carle, Ron Arnhart, William Whitely, Robert Lalk, James O'Connell, and the Jefferson County Sherriff's Office) from the lawsuit, the Court will construe the motion as a motion to dismiss the claims against those defendants. That motion will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave of Court to File Fourth Amended Complaint (Doc. 41) is **GRANTED**.

**IT IS FURTHER ORDERED** that the claims against Defendants Kevin Carle, Ron Arnhart, William Whitely, Robert Lalk, James O'Connell, and the Jefferson County Sherriff's Office are **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiffs shall obtain service of process on each defendant named in the Fourth Amended Complaint who has not yet been served, in accordance with the Federal Rules of Civil Procedure. After additional defendants have been served, the Court will schedule a second Rule 16 Conference.

**IT IS FURTHER ORDERED** that Defendant Kevin Carle's Motion to Dismiss Plaintiffs' Third Amended Complaint (Doc. 31) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendants Jefferson County, Ron Arnhart, and Kevin Carle's Motion to Dismiss Count IV of Plaintiffs' Third Amended Complaint (Doc. 32) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendant Jefferson County Sherriff's Office's Motion to Dismiss Plaintiffs' Third Amended Complaint (Doc. 33) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendant Jefferson County's Motion to Dismiss Counts III, IV, and V of Plaintiffs' Third Amended Complaint (Doc. 34) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendant Ron Arnhart's Motion to Make More Definite (Doc. 35) is **DENIED** as moot.

Dated this 10th day of July, 2017.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE