# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

ERINN HENDRICKSON, as Next Friend )
of Minors L.H., L.E., J.E., and A.K., and )
CIARA VALENTINE, collectively, the )
minor children of deceased TERRY )
EDWARDS, )
 )  Case No. 4:17-CV-00217-SPM
   Plaintiffs, )
 )
v. )
 )
JEFFERSON COUNTY, MISSOURI, et al., )
 )
   Defendants. )

## PLAINTIFF ERINN HENDRICKSON'S, AS NEXT FRIEND OF MINORS L.H., L.E., J.E. AND A.K., MEMORANDUM IN OPPOSITION TO PLAINTIFF CIARA VALENTINE'S MOTION TO ENFORCE SETTLEMENT

Under Missouri law, a wrongful death settlement requires court approval. *See* Mo. Rev. Stat. §

537.095.1. Without court approval, there is no settlement. The procedure for approving a settlement

is set forth in Mo. Rev. Stat. § 537.095, which in relevant part, provides:

> In any action for damages under section 537.080, the trier of facts shall state the total damages found, or upon the approval of any settlement for which a petition or application for such approval has been filed, the court shall state the total settlement approved. The court shall then enter a judgment as to such damages, apportioning them among those persons entitled thereto in proportion to the losses suffered by each as determined by the court.

The requirements for the settlement of a minor's claim likewise dictate court approval. Those

requirements are governed by Mo. Rev. Stat. § 507.184, which provides in relevant part:

> 2. The next friend, guardian ad litem or guardian or conservator shall have the power and authority to contract on behalf of the minor for a settlement of a minor's claim, action or judgment, provided that such contract and **settlement shall not be effective until approved by the court.**

Here, Plaintiff Ciara Valentine has not sought nor is she seeking court approval of the

proposed settlement agreement despite Missouri's long-standing statutory requirements mandating

court approval under the state's wrongful death and minor settlement statutes. Nor have any other

parties sought approval of the proposed settlement agreement. Yet, in Missouri, court approval of a settlement is a condition precedent to any wrongful death or minor settlement. Because the court has not approved the proposed settlement, there is no settlement to enforce. Therefore, Plaintiff Ciara Valentine's motion should be denied. *See* Mo. Rev. Stat. §§ 537.095.3 and 507.184.

## I.      INTRODUCTION

On November 24, 2013, Terry Edwards ("Edwards") was arrested by St. Louis County officers on suspicion of possessing drug paraphernalia and resisting arrest.  Three days later, on November 27, 2013, he was transferred to the Jefferson County Jail. Upon arrival, Edwards informed jail personnel that he had an ulcer and wrote "Stomach/Throwing up blood, Bad Back" on his Intake Medical Questionnaire. Unfortunately, Edwards' health deteriorated rapidly after he was transferred and he spent the last days of his life throwing up blood and being denied medical attention. On November 29, 2013, Edwards was found unresponsive in his cell and declared dead. Despite his repeated requests for medical attention, at no time was Edwards examined by a nurse or physician.

Edwards was survived by his four biological children, L.H., L.E., J.E. and A.K. After Edwards' death, Erinn Hendrickson brought this wrongful death action on behalf of and as next friend of Edwards' minor children, L.H., L.E., J.E. and A.K. Although D.N.A. tests conclusively show that Valentine is not Edwards' biological child, he is listed as the father on her birth certificate and she joined as a plaintiff to the lawsuit. As Valentine states in her motion, the parties mediated this case on December 20, 2017. Shortly after a proposal was proffered, Hendrickson repudiated it, severed ties with her attorney and sought other counsel. This motion followed.

## II.      ARGUMENT

Mo. Rev. Stat. § 537.095.1 provides that the trial court must approve any settlement in a claim for damages under Missouri's wrongful death statute, Mo. Rev. Stat. § 537.080. This statute clearly mandates that the next friend must obtain the trial court's consent to settle a wrongful death action.

While we could find no Missouri cases directly on point, cases from other jurisdictions with similar statutory schemes have found proposed wrongful death and minor settlements to be unenforceable without court approval.

For example, in *Fosnight v. Esquivel*, 666 N.E.2d 273 (1995), the Ohio appeals court overturned the trial court's granting of a motion to enforce, holding that the wrongful death settlement was not enforceable since the trial court's approval was neither obtained nor sought. In *Moore v. Gates,* 580 A.2d 1138 (1990), the Superior Court of Pennsylvania held that the parents' wrongful death and survival actions arising out of the death of their 15-year-old son were not barred by parents' oral settlement agreement and release, because the purported settlement had not been approved by a court of competent jurisdiction. In its holding, the Pennsylvania court held that absent court approval, the settlement "did not exist." *Id.*  at 1142. In the absence of court approval, the court held that the wrongful death claims were not barred by the prior settlement and release and allowed the parents to pursue their actions in the trial court. *Id.*

A like result was reached by the Oregon Court of Appeals in *Busch v. Farmington Ctrs. Beaverton*, 203 Or.App. 349 (2005). There, a three-judge panel unanimously reversed a trial court ruling, holding that a previous settlement agreement was not binding. In overturning the lower court's ruling, the Oregon Court of Appeals held that a state statute requiring court approval of any wrongful-death action settlements made the approval a condition precedent, not only to the full performance of the settlement but also to the personal representative's authority to enter into the agreement. Because the personal representative had no power to agree to a settlement until approval was granted by the court, the settlement agreement was never legally binding, the appeals panel held. Therefore, the proposed settlement did not bar the subsequent wrongful-death action against two nursing homes because the proposed settlement was not a binding contract as it had not been approved by the court as required by state law.

Similar to Missouri, under West Virginia law, requirement of court approval of wrongful death settlements is not confined to those actions in which beneficiaries are minors. W. Va. Code, 55-7-7, *see also Stone v. CSX Transp., Inc.,* 10 F.Supp.2d 602 (1998). In *Stone*, the District Court of West Virginia refused to enforce a wrongful death settlement agreement in which the plaintiff "signed a settlement agreement after an all-day, intensive mediated session" because "[s]oon after the mediation session, Plaintiff decided that she did not wish to maintain the agreement. She did not accept payment from Defendants. She did not petition for court approval of the settlement." *Id.* at 606. Moreover, the Court found that the defendants would suffer no prejudice if the agreement was not enforced. *Id.*

Meanwhile, in Kansas, the longstanding rule is that while a next friend can negotiate on behalf of a minor, she cannot bind the minor to a settlement contract. *Missouri Pacific Railway Co. v. Lasca*, 79 Kan. 311 (1909). For this reason, a settlement "can only become effective when given due judicial sanction ...and this must be upon a real and not a perfunctory hearing." *Id. See also Baugh v. Baugh*, 973 P.2d 202, 205 (1999)(court approval necessary to bind minor to wrongful death settlement). This is why "the district court may not simply rely on the fact that the minor's parents have consented to the proposed agreement." *Id.* "Instead, the court must determine whether the agreement is in the minor's best interests." *Id.*

This is also the law in Missouri regarding minor settlements. As noted above, "a minor's claim, action or judgment, provided that such contract and settlement shall not be effective until approved by the court." § 507.184 RSMo. "Under RSMo. § 507.184, the next friend of a minor may contract for the settlement of the minor's claim, but no such settlement is effective until approved by the court." *Bemis By and Through Bemis v. Pinnacle Rehabilitation*, 912 S.W.2d 557, 558 n. 2 (Mo. App. E.D. 1995).

This rule is in place for one primary reason: to protect the interests of the minor and insure that any settlement is in the best interests of the child. In deciding this issue, this Court must keep in mind that in any proceeding involving minors, the minor are to be considered "wards of the court

and their rights are to be jealously guarded as provided by statute." *Morgan v. Morgan,* 289 S.W.2d 151, 153 (Mo.App.Spr.D. 1956).

Based on Missouri's statutory scheme and the application of those statutes to proposed wrongful death and minor settlements in other jurisdictions, court approval is clearly a condition precedent that must be fulfilled before the parties can act on the terms of the proposed settlement before this court. Therefore, because Hendrickson has no power to agree to a settlement on behalf of L.H., L.E., J.E. and A.K. until approval is granted by this Court, the proposed settlement agreement is not legally binding with respect to the minor children. In other words, absent court approval, the proposed settlement agreement Valentine is attempting to enforce simply does not exist. Because the minor children are not bound to a proposed wrongful death settlement unless the court approves the terms and the next friend may not bind a minor to such a proposed settlement, the proposed agreement here is simply a stage in the negotiations, not a binding contract.

### III.    CONCLUSION

Plaintiff Ciara Valentine's motion to enforce fails because there is no settlement to enforce. Therefore, Valentine's motion should be denied as a matter of law and this case should be placed back on the Court's trial docket.

*Respectfully submitted by,*

**PROTZMAN LAW FIRM, LLC**

/s/ Andrew B. Protzman
Andrew B. Protzman, MO No. 47086
1100 Main Street; Suite 2550
Kansas City, Missouri 64105
(816) 421-5100
(816) 421-5105
andy@protzmanlaw.com

**Attorney for Erinn Hendrickson, Next Friend of Minors L.H., L.E., J.E. and A.K.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of February, 2018, the foregoing was electronically filed with the Clerk of the District Court using the CM/ECF system, which will send notice of electronic filing to all registered attorneys of record.

Albert S. Watkins
Michael Schwade
Kodner and Watkins
7800 Forsyth Boulevard, Suite 700
St. Louis, MO 63105
Phone: 314-727-9111
Fax: 314-727-9110
albertwatkins@kwklaw.net
mschwade@kwklaw.net
**Attorneys for Plaintiffs**

Steven H. Thai
Law Office of Steven H. Thai, LLC
6042 N. Lindbergh Boulevard, Suite 200
St. Louis, MO 63042
Phone: 314-603-8744
Fax: 314-895-8897
stevethai@hotmail.com
**Attorneys for Plaintiffs**

Phillip H. Dennis, II
Dennis Law Firm
5340 Delmar, Suite 101
St. Louis, MO 63112
Phone: 314-371-7300
Fax: 314-371-7500
fiatman@hotmail.com
**Attorneys for Plaintiffs**

William A. Hellmich
Jason S. Retter
King, Krehbiel & Hellmich, LLC
2000 South Hanley Road
St. Louis, MO 63144-1110
Phone: 314-646-1110
Fax: 314-646-1122
bhellmich@kkhhb.com
jretter@kkhhb.com
Attorneys for Jefferson County, Missouri

/s/ Andrew B. Protzman
**Attorney for Erinn Hendrickson, Next Friend of Minors L.H., L.E., J.E. and A.K.**